UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:15-CR-00044-TBR-3

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**V.**

**RONALD WILLIAMS**                                                                          **DEFENDANT**

**MEMORANDUM OPINION & ORDER**

Before the Court is Defendant Ronald Williams's Motion for Compassionate Release in Light of COVID-19. [DN 403]. The United States responded. [DN 405]. Williams then filed a supplement to his original motion. [DN 410]. The motion is ripe for adjudication. For the reasons stated below, the motion is DENIED.

**I.     Background**

Defendant Ronald Williams is a prisoner housed at FCI Cumberland in Cumberland, Maryland.[1] Williams is a 48-year-old Black male with a release date of May 26, 2022.[2] In March 2018, this Court entered judgment as to Williams on one count of conspiracy to possess with intent to distribute heroin and sentenced Williams to 110 months of imprisonment. [DN 310]. Williams is before the Court now on a motion for compassionate release.

Williams filed an administrative request for compassionate release at his institution on the grounds of hypertension and obesity. [DN 403-1 at 2]. The warden denied his request. [DN 403-1 at 1]. In his motion, Williams argues that the Court should grant compassionate release because he has taken classes and participated in the drug program, because he has a plan to finish school and work for the Louisville Metro Parks when he leaves prison, because he needs to help his family

---

[1] *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "BOP Register Number" from Type of Number category, then input "16206-033" in Number category box).
[2] *Id.*

1

get through the pandemic, because he is a different man than he was five years ago, and because inmates healthier than him have been granted compassionate release. [DN 403 at 1].

The United States argues that Williams has not presented extraordinary and compelling reasons that justify compassionate release, and Williams "has significant criminal history including previous drug trafficking and qualified as a Career Offender under the Sentencing Guidelines." [DN 405 at 1]. The government also contends that Williams' medical condition is stable, and the BOP is taking precautionary measures to protect Williams and other inmates. *Id.* at 4. The government also argues that compassionate release is improper under the sentencing factors of 18 U.S.C. § 3553(a). Specifically, the government states that the nature and circumstances of Williams's crimes weigh against relief because Williams has a lengthy criminal history which qualified him as a Career Offender at sentencing and the BOP has assigned him a PATTERN score of High. *Id.* at 5. Further, the government contends that Williams would be a danger to the safety of the community if released. *Id.*

Williams filed a supplement to his compassionate release motion. [DN 410]. Williams states that FCI Cumberland has seen a large increase in cases of coronavirus, and this has affected inmates in the area in which Williams is housed. *Id.* at 1. Further, Williams says that he is scared because the virus is spreading. *Id.* Williams also attached a "bulletin" from FCI Cumberland dated 12/01/21 which confirms that the virus was spreading in the facility and the warden decided to "secure the facility." *Id.* at 4.

## II. Standards

The Sixth Circuit recently articulated the standards a district court uses in evaluating a compassionate release motion:

> The compassionate release statute allows the district court to reduce a defendant's sentence if it finds that "extraordinary and compelling reasons" warrant a reduction;

> that a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction. 18 U.S.C. § 3582(c)(1)(A); see *United States v. Ruffin*, 978 F.3d 1000, 1004–05 (6th Cir. 2020). But where an inmate files the motion for compassionate release, "district courts need not consider" the policy statement in § 1B1.13 of the Sentencing Guidelines. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). And because satisfying the § 1B1.13 policy statement is no longer a requirement for defendant-filed compassionate release motions, the policy statement's requirement that the defendant not be a danger to the community no longer provides an independent basis for denying compassionate release. *United States v. Hampton*, 985 F.3d 530, 533 (6th Cir. 2021). In other words, a district court may deny a defendant-filed motion only when it finds either that no extraordinary and compelling reasons exist or that the § 3553(a) factors weigh against release. See *Elias*, 984 F.3d at 519.

*United States v. Greene*, No. 20-3848, 2021 WL 1016430, at *2 (6th Cir. Mar. 17, 2021).

Where, as here, an incarcerated person files a motion for compassionate release directly, the district court has full discretion to define and determine whether an "extraordinary and compelling" reasons exist without consulting the § 1B1.13 policy statement. *Elias*, No. 984 F.3d at 519-20 (citing *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). However, as this Court has previously stated, the policy statement may still provide a useful starting point to determine whether extraordinary and compelling reasons exist, because Congress provided no statutory definition of "extraordinary and compelling reasons" in section 3582(c)(1)(A). *Ruffin*, 978 F.3d at 1004. Instead, Congress directed the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *1 (E.D. Ky. Dec. 29, 2020) (quoting 28 U.S.C. § 994(t)). Those descriptions are found in § 1B1.13 of the United States Sentencing Guidelines (policy statement) and the application notes to that section.

The policy statement describes four categories of extraordinary and compelling reasons. The first three relate to an inmate's serious medical conditions, age, and status as a caregiver.

3

U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* The last category is a catch-all provision titled "Other Reasons," which reads: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, cmt. n.1(D).

    Though the policy statement still provides a useful starting point to determine whether extraordinary and compelling reasons exist, the Court can and does look to other reasons when ruling on a motion for compassionate release. The present motion represents many filed by incarcerated persons around the country who have limited control of their environment, often cannot practice social distancing, and are concerned about contracting COVID-19. The Sixth Circuit acknowledged this concern and approved the following two-part test "for deciding when the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release: (1) when the defendant is at a high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *Elias*, 984 F.3d at 520 (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020) (internal quotation marks omitted)).

**III.   Discussion**

Under the First Step Act, a defendant may move for compassionate release on his own after the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *United States v. Pegram*, No. 20-1906, 2021 WL 499572, at *2 (6th Cir. Feb. 10, 2021). The government does not argue that Williams has failed to exhaust his administrative remedies, so the Court proceeds to the merits.

The medical issues raised in Williams's motion are hypertension and obesity. [DN 403-1 at 2]. Williams's medical records confirm that he suffers from hypertension and obesity, though it appears that the conditions can be managed well with medication and diet. [DN 407]. The Center for Disease Control and Prevention (CDC) recognizes that obesity creates an increased risk of severe illness from COVID-19, and hypertension might create an increased risk of severe illness from COVID-19.[3] The BOP website indicates that at present, three (3) inmates among the 1,140 total inmates housed at FCI Cumberland have active cases of coronavirus.[4] Further, the BOP website also indicates that 166 staff members and 28 inmates at FCI Cumberland have received COVID-19 vaccines.[5]

On the information Williams has presented and the information available to the Court through the Bureau of Prisons, the Court finds that Williams has not demonstrated extraordinary

---

[3] *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 24, 2021).
[4] *COVID-19*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited March 24, 2021); *FCI Cumberland*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/cum/ (last visited March 24, 2021).
[5] *COVID-19 Vaccine Implementation*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited March 24, 2021).

and compelling reasons that warrant his release. Though Williams does have some COVID-19 risk factors, they do not rise to the level of extraordinary and compelling conditions. Williams does not argue that his facility is unable to manage his conditions or that it would be unable to provide the needed care if he were to contract coronavirus. Williams is not an exceptionally high risk, nor is his facility experiencing a severe outbreak. It also appears that his facility has begun vaccinating staff and some inmates. The Court cannot conclude on the information before it that Williams has shown extraordinary and compelling reasons that would justify his compassionate release. Because the Court determines that Williams has not presented extraordinary and compelling reasons for release, the Court need not consider the factors of 18 U.S.C. § 3553(a). *See Greene*, 2021 WL 1016430, at *2. Accordingly, Williams' motion for compassionate release is denied. If conditions materially change, the Court may reconsider a new motion.

### IV. Conclusion

For the reasons stated above, the motion for compassionate release, DN 403, is **DENIED**.

**IT IS SO ORDERED**.

*[signature: Thomas B. Russell]*

Thomas B. Russell, Senior Judge
United States District Court

March 25, 2021

cc: counsel

Ronald Williams
16206-033
CUMBERLAND
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
CUMBERLAND, MD 21501
PRO SE